HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERE ENTERPRISES LLC,<br>Plaintiff,<br>v.<br>CITY OF BELLEVUE,<br>Defendant. | CASE NO. C16-1318 RAJ<br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. # 14. Defendant opposes the motion. Dkt. # 18. For the reasons set forth below, the Court **DENIES** the Motion.

**I. BACKGROUND**

According to its complaint, Plaintiff sought to develop on its properties, and approached Defendant for an evaluation of the properties. Dkt. # 1 (Compl.) at ¶¶ 3.1-2. Plaintiff submitted its permit application to Defendant, and worked diligently with Defendant to obtain its substantive review. *Id* at ¶ 3.2. Defendant allegedly cancelled Plaintiff's initial permit application. *Id*. Plaintiff appealed Defendant's decision to cancel the application. *Id*. The parties resolved the issue through a judicially approved stipulation, and agreed that Plaintiff would submit another permit application to

Defendant for an evaluation of the properties. *Id* at ¶ 3.3. After submitting its second permit application, Plaintiff had multiple communications with Defendant regarding the status of the application. *Id* at ¶¶ 3.5, 3.7-11. Several weeks passed without a response from Defendant about the status of the application. *Id* at ¶ 3.14. Plaintiff further alleges that it learned that Defendant had issued its evaluation of Plaintiff's properties without proper notification to Plaintiff or its authorized agent as required by Washington law. *Id* at ¶ 3.15. Because Defendant failed to provide proper notice, Plaintiff missed the deadline to appeal Defendant's decision regarding its evaluation of the properties. *Id* at ¶ 3.16.

On August 4, 2016, Plaintiff filed suit against Defendant in King County Superior Court. Plaintiff alleged claims of procedural due process under the Bellevue Land Use Code, Washington Constitution, U.S. Constitution, and 42 U.S.C. § 1983. Dkt. # 1 (Compl.) at ¶¶ 4.3, 4.4, 5.3, and 6.3. On August 19, 2016, Defendant filed a notice of removal with the Court asserting federal question jurisdiction under 28 U.S.C. § 1441(c). *Id* at 2.

Plaintiff now seeks an order remanding its claims to state court. Dkt. # 14. Plaintiff argues that the Court should decline supplemental jurisdiction because its claims involve novel and complex issues of state law, and its state law claims substantially predominate over its federal claims. *Id* at 3. Alternatively, Plaintiff moves the Court to remand by abstention, invoking the *Pullman* abstention doctrine. *Id* at 4. Defendant argues that remand is not appropriate because Plaintiff's claims involve the same nucleus of facts, and Plaintiff's claims do not support *Pullman* abstention. Dkt. # 18 at 1.

## II. LEGAL STANDARD

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at

the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Defendant timely removed this case from state court to federal court based upon Plaintiff's claim under 42 U.S.C. § 1983. Dkt. # 1 (Compl.) at ¶¶ 4.3, 4.4, 5.3, and 6.3. Federal question jurisdiction is proper when civil actions arise under the Constitution, laws, or treatises of the United States. 28 U.S.C. § 1331. A civil action that originated in state court may be removed from state court to federal court if original jurisdiction exists in the federal court at the time the complaint is filed. 28 U.S.C. § 1441(a). The Court has original jurisdiction over Plaintiff's 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1331(a). Therefore, subject matter jurisdiction is proper.

### B. Supplemental Jurisdiction

Plaintiff argues that its state law claims warrant remand. Courts have supplemental jurisdiction over state law claims that are "so related" to the claims over which the court has original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A state law claim is part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims and the state and federal claims would normally be tried together. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

On its face, Plaintiff's complaint presents a federal question: Plaintiff alleges that Defendant violated 42 U.S.C. § 1983 and the U.S. Constitution. Dkt. # 1 (Compl.) at ¶¶ 4.3, 4.4, 5.3, and 6.3. Plaintiff also alleges claims under the Bellevue Land Use Code and Washington Constitution. *Id*. Plaintiff's state law claims arise out of the same nucleus of operative facts as its federal claims—that Defendant violated Plaintiff's procedural due

process rights when it failed to provide proper notice of its evaluation of Plaintiff's properties to Plaintiff or its authorized agent. Dkt. # 14 at 3. The Court may therefore exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff moves the Court to decline supplemental jurisdiction. Courts may decline to exercise supplemental jurisdiction if: the claim raises a novel or complex issue of State law; the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; the district court has dismissed all claims over which it has original jurisdiction; or in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Under this provision, Plaintiff offers two arguments to support remand.

Plaintiff argues that its claims involve novel and complex issues of state law. Dkt. # 14 at 3. Plaintiff alleges that Defendant violated its procedural due process rights under the Washington Constitution when Defendant failed to provide Plaintiff with proper notice of its evaluation of the properties. Plaintiff, however, does not offer facts or arguments identifying any novel or complex issues of state law presented in its complaint. Dkt. # 14 at 3-9. In fact, Plaintiff notes that Washington state courts have already analyzed similar notice issues. *Id* at 5-6.

Plaintiff also argues that its state law claims substantially predominate because they turn on the interpretation of state land use statutes and ordinances, and that resolution of its state law claims may make it unnecessary to decide its federal claims. Dkt. # 19 at 5. Defendant argues that Plaintiff's state law claims do not substantially predominate because Plaintiff cannot demonstrate that different facts are needed to resolve its state and federal claims. Dkt. # 18 at 5.

State law claims can substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensives of the remedy sought." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726. Plaintiff alleges that Defendant violated the Bellevue Land Use Code and Washington Constitution when Defendant failed to provide Plaintiff

or its authorized agent with proper notice of the evaluation of Plaintiff's properties. Dkt. # 14 at 3. Plaintiff alleges that Defendant's actions also violate procedural due process requirements of the federal constitution and 42 U.S.C. § 1983. Dkt. # 1 (Compl.) at ¶¶ 4.3, 4.4, 5.3, and 6.3. Plaintiff's state law claims are based on the same alleged conduct as its federal claims: Defendant's failure to provide proper notice of its evaluation of Plaintiff's properties. Thus, resolution of Plaintiff's state and federal claims depend on findings and conclusions regarding the nature of Defendant's actions in relation to Plaintiff's permit application for an evaluation of its properties. Plaintiff's state law claims therefore do not substantially predominate over its federal claims because they require consideration of similar facts and issues as its federal claims. *See Picard v. Bay Area Regional Transit Dist.*, 823 F. Supp. 1519, 1527 (N.D. Cal 1993) (concluding that state law claims did not substantially predominate where the same conduct formed the basis of the state and federal claims, the state and federal claims would require "virtually the same evidentiary presentations at trial," and presenting the claims together at trial would not pose a risk of jury confusion).

**C. *Pullman* Abstention**

Alternatively, Plaintiff moves the Court to remand by abstention, invoking the *Pullman* abstention doctrine.

"[A]bstention from the exercise of federal jurisdiction is considered 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) (quoting *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 813 (1976)). "In abstention cases the district court must exercise its discretion within the narrow and specific limits prescribed by the particular abstention doctrine invoked." *McIntyre v. McIntyre*, 771 F.2d 1316, 1319 (9th Cir.1985). Courts may abstain under the *Pullman* doctrine only when: "(1) the case touches on a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open; (2)

constitutional adjudication plainly can be avoided if a definite ruling on the state issue would terminate the controversy; and (3) the proper resolution of the possible determinative issue of state law is uncertain." *Porter v. Jones*, 319 F.3d 483, 492 (9th Cir. 2003). "Resolution of an issue of state law might be uncertain because a particular statute is ambiguous, or because the precedents conflict, or because the question is novel and of sufficient importance that it ought to be addressed first by a state court." *Pearl Inv. Co. v. City & Cty. of San Francisco*, 774 F.2d 1460, 1465 (9th Cir. 1985). All three factors of the *Pullman* doctrine must be present for abstention to be appropriate; failure to show any of the three prongs precludes its application. *See Porter*, 319 F.3d at 492 (noting the absence of any of the factors supporting a *Pullman* abstention is sufficient to prevent such abstention).

Plaintiff argues that the *Pullman* abstention doctrine is triggered in this matter because issues related to proper notice of land use decisions are particularly suited for determination by state courts. Dkt. # 14 at 5. Plaintiff, however, has failed to identify an uncertain issue of state or local law that would be determinative of its federal claims. In fact, Plaintiff's argument suggests the absence of uncertainty or ambiguity with respect to its state law claims. Dkt. # 19 at 8 (stating that Plaintiff's claims are well founded on the plain language of Washington statute and Bellevue code). Further, Plaintiff argues that Washington state courts have already analyzed notice issues. Dkt. # 14 at 5. Thus, Plaintiff has failed to meet its burden to show uncertainty for purposes of *Pullman* abstention. The Court therefore declines Plaintiff's request to abstain because at least one of the factors of the *Pullman* doctrine is absent in this matter.

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. Dkt. # 14.

Dated this 6th day of February, 2018.

The Honorable Richard A. Jones
United States District Judge