Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERE ENTERPRISES LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BELLEVUE,<br><br>　　　　　　　Defendant. | CASE NO. C16-1318 RAJ<br><br>ORDER |

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. # 11. Plaintiff opposes the motion. Dkt. # 16. For the reasons set forth below, the Court **GRANTS** the motion in part.

## I.　BACKGROUND

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff owns property located in the City of Bellevue. Dkt. # 1 (Compl.) ¶ 3.1. Plaintiff sought to develop on its property, and approached Defendant for an evaluation as to whether there are critical areas on its property and, if so, how those areas should be classified. *Id*. at ¶¶ 3.1-2. Plaintiff submitted its permit application to Defendant, and sought its substantive review of the property. *Id.* at ¶ 3.2. Defendant cancelled Plaintiff's

initial permit application without making a critical area determination. *Id*. Defendant is required by law to provide notice about the application to the project proponent or property owner. *Id*. at ¶ 3.6. Defendant recognized Plaintiff's legal counsel as its authorized agent and project proponent for the application, and thus provided Plaintiff's legal counsel with formal notice about the cancellation of Plaintiff's application. *Id*. at ¶¶ 3.2, 3.6. Plaintiff appealed Defendant's decision to cancel the application through a Land Use Petition Act ("LUPA") claim in King County Superior Court. *Id*.

The parties resolved the LUPA claim through a judicially approved stipulation, and agreed that Plaintiff would submit another permit application to Defendant for an evaluation of its property. *Id*. at ¶ 3.3. After submitting its second application, Plaintiff had multiple communications with Defendant regarding the status of the application. *Id.* at ¶¶ 3.5, 3.7-11. During this time, Defendant treated Plaintiff's legal counsel as the authorized agent and project proponent for Plaintiff's application. *Id*. at ¶ 3.5.

Over the course of four months, Plaintiff's legal counsel—Plaintiff's authorized agent and project proponent for its application—contacted Defendant about the status of the application, receiving assurance from Defendant that the application was moving forward. *Id*. at ¶¶ 3.8-3.11. Several weeks passed without a response from Defendant about the status of the application. *Id.* at ¶ 3.14. However, on July 22, 2016, Plaintiff learned that Defendant issued its evaluation of Plaintiff's property without proper notification to Plaintiff or its authorized agent as required by Washington law. *Id.* at ¶¶ 3.14-5. Defendant issued its evaluation of the property on July 7, 2016. *Id*. at ¶ 3.15. The deadline to appeal the decision was July 21, 2016. *Id*. Plaintiff claims that because it did not receive proper notice, it could not timely appeal Defendant's decision. *Id*. at ¶ 3.19.

Defendant is now before the Court seeking dismissal, contending that Plaintiff has failed to state claims upon which relief can be granted. Dkt. # 11. Defendant also argues that Plaintiff has no valid claims under Washington law and 42 U.S.C. § 1983. Plaintiff opposes the motion. Dkt. # 16.

**LEGAL STANDARD**

Dismissal under 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 568 (2007). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Id.* at 1965.

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**II.     DISCUSSION**

**A. Declaration of Robert A. Hyde**

Generally, the scope of review on a motion to dismiss for failure to state claims is limited to the contents of the complaint. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).* There are, however, two exceptions to this rule. *Id.* First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion into a motion for summary judgment. *Id.* at 668. "If the

documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity … is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Id.* Second, under Federal Rule of Evidence 201, a court may take judicial notice of matters of public notice. *Id*. Courts may take judicial notice of some public records, including "records and reports of administrative bodies." *Interstate Natural Gas Company v. Southern California Gas Company*, 209 F.2d 380, 385 (9th Cir. 1953).

Defendant attached a declaration from Robert A. Hyde to its motion to dismiss. The declaration included three exhibits: (A) Stipulation and Order of Dismissal in King County Court and Stipulation of Dismissal and Order before Hearing Examiner for the City of Bellevue; (B) Plaintiff's Code Interpretation Application; and (C) Certification of Mailing dated July 8, 2016 from Defendant. Plaintiff's complaint referred to the judicially approved stipulations. Dkt. # 1 (Compl.) at ¶ 3.3.[1] The Court may therefore consider exhibit A when deciding the instant motion. The Court also considers Defendant's exhibits B and C attached to its motion to dismiss because Plaintiff's complaint necessarily relies on its application to Defendant for a critical areas determination, and whether Plaintiff received proper notice as required by Washington law. *Id.* at ¶¶ 3.2, 3.16.

### B. Municipal Liability

Plaintiff alleges that Defendant violated 42 U.S.C. § 1983 when Defendant failed to provide proper notice of its evaluation of Plaintiff's property to Plaintiff or its authorized agent. Dkt. # 1 (Compl.) at ¶¶ 4.3, 4.4, 5.3, and 6.3.

Under 42 U.S.C. § 1983, a plaintiff must prove: (1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48

---

[1] The Court acknowledges Plaintiff's argument that Exhibit B attached to Defendant's motion to dismiss is an excerpt. As to any determinative issues presented in the instant motion, the Court considers the document in its entirety, which has been provided to the Court as Exhibit 4 to the Declaration of Duana T. Koloušková in Support of Motion to Remand Action to King County Superior Court. Dkt. # 15.

ORDER - 4

(1988). A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Service of New York,* 436 U.S. 658, 694 (1978). For municipal liability, a plaintiff must satisfy four conditions: "(1) that plaintiff possesses a constitutional right of which was deprived; (2) that the municipal had a policy; (3) that this policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) that this policy is the moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). A municipality cannot, however, be held liable under § 1983 solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691.

A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused its injury. *Id*. There must be a "direct causal link" between the policy or custom and the injury, and the plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006). A municipal policy causes an injury where the policy is the "moving force" behind the constitutional violation. *Crew v. Gates*, 27 F.3d 1432, 1444 (1994).

Plaintiff has not identified any conduct by Defendant—whether by policy, custom, or otherwise—that directly resulted in any alleged constitutional violation. Dkt. # 1 (Compl.). Neither has Plaintiff alleged any facts suggesting that Defendant's policy or custom was the moving force behind the alleged constitutional violation. *Id*. Instead, Plaintiff alleges that Defendant failed to follow its own established notice procedures. Dkt. # 16 at 18-19. Notably, Plaintiff did not allege any facts suggesting that Defendant's established notice procedures are improper or constitutionally unsound. Thus, Plaintiff failed to plead sufficiently particular allegations to state a plausible claim, and does not have a legal theory of liability against Defendant under § 1983. *See Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403, 405 (noting that where a plaintiff claims municipal liability, a plaintiff must demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local government,

and that rigorous standards of culpability and causation are applied to ensure that the municipality is not held liable solely for the actions of employees). Accordingly, the Court **GRANTS** the motion with respect to Plaintiff's § 1983 claim.

### III. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over all claims within the same case or controversy as a claim conferring original jurisdiction. 28 U.S.C. § 1367(a). The Court may decline supplemental jurisdiction if it has dismissed all of the claims conferring original jurisdiction. 28 U.S.C. § 1367(c). The Court also has discretion to exercise or decline supplemental jurisdiction upon consideration of "the values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988). Further, the Court has "discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal law claims in the action have been eliminated and only pendent state law claims remain." *Id.* at 345.

The Court dismissed Plaintiff's federal claim upon which removal was originally based. The Court therefore considers whether the principles of economy, convenience, and fairness weigh in favor of remand rather than dismissal.

When considering judicial economy, the Court reviews the "investment of judicial energy" into a case or controversy. *Rosado v. Wyman*, 397 U.S. 397, 403 (1970). In light of the instant proceedings, judicial economy favors remand to state court. This case has not proceeded to discovery or the summary judgment stage, and the parties have not presented any oral arguments. In addition, Plaintiff's remaining claims are predicated entirely on state law. Under these circumstances, state court is a more appropriate forum.

The Court's consideration of fairness also favors remand. The Court analyzes whether "a surer-footed reading of state law would be available in state court." *Schneider*

*v. TRW, Inc.*, 938 F.2d at 996. Plaintiff's remaining claims involve Washington law and therefore would receive a "surer-footed" interpretation in state court. *Id.*

Finally, the Court considers comity. "Comity, in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other." *Hilton v. Guyot*, 159 U.S. 113, 163–64 (1895). Further, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. For the same reasons that fairness favors remand, so does comity. Specifically, all remaining claims in this case are based on state law, and therefore the federal court has the opportunity to avoid "needless decisions of state law." *Id.*

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion in part. Dkt. # 11. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court **DIRECTS** the Clerk of Court to **REMAND** this case to the Superior Court for the State of Washington, for King County.

Dated this 8th day of March, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge